## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LENNY JOSEPH                                                      CIVIL ACTION

VERSUS                                                                  NO. 16-0546

DARRELL VANNOY                                          SECTION: "F"(3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Lenny Joseph, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On October 24, 2012, he pleaded guilty to attempted possession of a firearm by a felon and was sentenced to a term of imprisonment of seven years and six months.  On that same date, he also pleaded guilty to attempted distribution of cocaine and to being a second offender, and he was sentenced on that conviction to a concurrent term of nine years imprisonment.[1]  He did not appeal.[2]

---

[1] State Rec., Vol. 1 of 1, minute entry dated October 24, 2012; State Rec., Vol. 1 of 1, guilty plea forms.
[2] Rec. Doc. 7, p. 2.

On January 24, 2013, petitioner filed an application for post-conviction relief with the state district court.[3]  That application was denied on December 10, 2013.[4]  On April 15, 2014, he then filed a related writ application with the Louisiana Fourth Circuit Court of Appeal.[5]  The court denied that application on June 2, 2014.[6]  Thereafter, on or about March 6, 2015, he filed a related writ application with the Louisiana Supreme Court;[7] however, the court refused to consider that application because it was untimely filed.[8]

On December 24, 2015, petitioner filed the instant federal application[9] which, at the Court's direction,[10] was later amended.[11]  The state has filed a response arguing that the application is untimely.[12]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[3] State Rec., Vol. 1 of 1.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  The date on which that occurred here is not apparent from the record.  Moreover, there is some confusion with respect to the filing, with petitioner's initial submission apparently being misplaced by the court, thereby necessitating submission of another copy to remedy that situation.  Indeed, the state court record contains two copies of the application, one of which was notarized on January 24, 2013, and the second of which was notarized on August 8, 2013.  Therefore, out of an abundance of caution, the undersigned will give petitioner the benefit of every doubt with respect to this filing and consider it filed as of the date the first copy was notarized in January, because that is the earliest date on which it could have been given to prison officials for mailing to the court.

[4] State Rec., Vol. 1 of 1, Judgment dated December 10, 2013.

[5] State Rec., Vol. 1 of 1.  In the "Certificate of Service," petitioner states that the application was mailed to the court on April 15, 2014.

[6] State v. Joseph, No. 2014-K-0484 (La. App. 4th Cir. June 2, 2014); State Rec., Vol. 1 of 1.

[7] State Rec., Vol. 1 of 1.  Petitioner signed the writ application on March 3, 2015, and the "Writ Application Filing Sheet" on March 6, 2015.

[8] State ex rel. Joseph v. State, No. 2015-KH-0516 (La. Dec. 7, 2015); State Rec., Vol. 1 of 1.

[9] Rec. Doc. 3.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Again, that date is not apparent from the record; however, the application could not have been given to prison officials for mailing any earlier than December 24, 2015, the date on which it was signed.

[10] Rec. Doc. 6.

[11] Rec. Doc. 7.

[12] Rec. Doc. 13.

underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[13]  On that point, the

United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on October 24, 2012.  Because he

did not file a direct appeal within the thirty days allowed by state law, his state criminal judgment

therefore became final for AEDPA purposes no later than November 26, 2012.[14]  Accordingly, his

period in which to file his federal application for habeas corpus relief commenced on that date and

expired one year later, unless that deadline was extended through tolling.

---

[13] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[14] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914. Here, the thirtieth day of that period fell on the Friday after Thanksgiving Day, which the Governor Foster declared as Acadian Day, a legal holiday in Louisiana. La. Rev. Stat. Ann. § 1:55(B)(3); Governor's Proclamation No. 123 BJ 2012 (issued on October 31, 2012, by Governor Bobby Jindal).  Therefore, the deadline was extended until Monday, November 26, 2012. See La. C. Cr. P. art. 13.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

After fifty-eight (58) days elapsed, petitioner tolled the federal limitations period by filing his post-conviction application with the state district court on January 24, 2013.  Although that application was denied on December 10, 2013, tolling continued uninterrupted for the duration of the post-conviction proceedings, *so long as* he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  Here, however, the state argues that petitioner's related writ applications were not timely filed in either the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court.

The undersigned rejects the state's contention that the Court of Appeal writ application was untimely.  After the state trial court denied relief on December 10, 2013, petitioner normally would have had only thirty days to seek further review from the Court of Appeal.  See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007).  It is true that petitioner's writ application was not filed until on or after April 15, 2014, well beyond that thirty-day deadline.  However, it must be noted that the Court of Appeal did not deny petitioner's writ application as untimely; instead, the court expressly denied his claims on the merits, stating that it found "no error in the judgment of the district court denying relator's application for post-conviction relief on December 10, 2013."[15]

---

[15] State v. Joseph, No. 2014-K-0484 (La. App. 4th Cir. June 2, 2014); State Rec., Vol. 1 of 1.

In Grillette, the United States Fifth Circuit Court of Appeals faced a similar scenario and found that tolling continued uninterrupted.  The Fifth Circuit held:

> [A]t no point did the state trial court or the Louisiana Court of Appeal fault Grillette for failure to comply with Rule 4-3.  Whereas in Melancon, the Louisiana Court of Appeal expressly indicated that Melancon's application "appeared untimely," in this case it is undisputed that the Louisiana Court of Appeal disposed of Grillette's application "on the merits," without any notation that his application was time-barred.  We acknowledge, as the State asserts, that a state court's consideration of an application "on the merits" is not by itself conclusive proof that the application was timely filed in accordance with that state's timeliness laws and rules and thus "pending."  See [Carey v.] Saffold, 536 U.S. [214,] 226, 122 S.Ct. 2134 [(2002)] (noting different reasons why a court might "address the merits of a claim that it believes was presented in an untimely way").  Rule 4-3, however, prohibits the Court of Appeal from considering the merits of an application that is not filed with the appellate court within the original or extended return date, "in the absence of a showing that the delay in filing was not due to the applicant's fault."  *Because the Court of Appeal did consider the merits of Grillette's application, it must have determined that the application was timely either because the trial court impliedly extended the return date and/or because the delay was not due to Grillette's fault.*
>
> Moreover, as Grillette correctly points out, when the denial of an application is based on untimeliness, Louisiana courts routinely and unmistakably indicate so in their opinions. See, e.g., Carter v. Rhea, 785 So.2d 1022, 1022 (La.Ct.App. 4th Cir. 2001) ("WRIT APPLICATION DISMISSED AS UNTIMELY."); Lawyer v. Succession of Kountz Through Cupit, 703 So.2d 233, 233 (La.Ct.App. 4th Cir. 1997) ("WRIT NOT CONSIDERED."); Watts v. Dorignac, 681 So.2d 955, 955 (La.Ct.App. 1st Cir. 1996) ("WRIT NOT CONSIDERED").  Thus, had the Louisiana Court of Appeal decided to reach the merits of the application notwithstanding a determination that the application was untimely, it appears that the court would have indicated any such untimeliness in its opinion.

Grillette, 372 F.3d at 775 (emphasis added).

This Court should not unilaterally ignore the presumptions employed in Grillette. Bourgeois v. Bergeron, Civ. Action No. 09-3185, 2009 WL 5088756, at *4 (E.D. La. Dec. 23, 2009).  Therefore, out of an abundance of caution, the Court will toll the federal limitations period in the instant case from the date the post-conviction application was filed until at least the date on which petitioner's period expired for seeking review by the Louisiana Supreme Court.

The Court must next consider whether petitioner's related Louisiana Supreme Court writ application further tolled the federal limitations period. For the following reasons, the undersigned finds that it did not.

As noted, the Louisiana Fourth Circuit Court of Appeal denied relief on June 2, 2014.[16] Petitioner thereafter had only thirty days in which to seek review by the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a). Here, petitioner's writ application was not filed until on or about March 6, 2015, and, therefore, the court refused it, stating: "WRIT NOT CONSIDERED. Untimely filed pursuant to La. S. Ct. Rule X § 5."[17] As the United States Supreme Court has expressly held, when a state post-conviction filing is rejected by the state court as untimely, it cannot be considered "properly filed" within the meaning of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). Simply put: when a post-conviction filing is untimely under state law, "that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414 (quotation marks and brackets omitted). Moreover, it is abundantly clear that a federal habeas petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application. Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); see also Batiste v. Rader, Civ. Action No. 11-1025, 2011 WL 8185554, at *2 (E.D. La. Dec. 7, 2011), adopted, 2012 WL 2527063 (E.D. La. June 29, 2012); Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010); Jenkins v. Cooper, Civ. Action No. 07-0216, 2009 WL 1870874, at *5 (E.D. La. June 26,

---

[16] State v. Joseph, No. 2014-K-0484 (La. App. 4th Cir. June 2, 2014); State Rec., Vol. 1 of 1.
[17] State ex rel. Joseph v. State, No. 2015-KH-0516 (La. Dec. 7, 2015); State Rec., Vol. 1 of 1.

2009); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006).

Accordingly, the undersigned finds that petitioner's post-conviction application ceased to be pending, and statutory tolling therefore ceased, on July 2, 2014, i.e. thirty days after the Court of Appeal denied relief, when petitioner's deadline expired for seeking review by the Louisiana Supreme Court. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (a state application ceases to be pending when the time for supervisory review expires). When the limitations period then resumed running at that point, petitioner had three hundred seven (307) days remaining. Accordingly, he had until May 5, 2015, either to again toll the limitations period or to file his federal application.

Petitioner filed no other applications for "State post-conviction or other collateral review." Therefore, he clearly is not entitled to further *statutory* tolling.

The Court must next consider *equitable* tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence

demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here, petitioner does not invoke McQuiggin and, in any event, he has not made a colorable showing that he is actually innocent in light of new evidence.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than May 5, 2015, in order to be timely. His federal application was not filed until December 24, 2015, and, therefore, it is untimely.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that federal application seeking habeas corpus relief filed by Lenny Joseph be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

8

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this ninth day of June, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.